IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RICHARD TINSLEY, Individually, and as
Administrator of the Estate of
JAMES E. TINSLEY, II, Deceased, and
TRACY L. TINSLEY DECKARD, Individually,
and as Beneficiary**,

**Plaintiffs,**

v.  No. 14-0100-DRH

**JOHN M. BARNEY, et al.,**

**Defendants.**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court is defendant Vito LLC's motion to dismiss for lack of subject matter jurisdiction (Docs. 23 & 24). Defendant argues that dismissal is proper as there is neither diversity jurisdiction nor federal question jurisdiction in this matter. Plaintiff opposes the motion (Docs. 40 & 41). Based on the following, the Court denies the motion.

On January 28, 2014, Richard Tinsley, individually, and as Administrator of the Estate of James E. Tinsley, II, Deceased, and Tracy L. Tinsley Deckard, individually and as beneficiary filed a three count complaint against defendants John M. Barney, Federal Express Corporation, FedEx Corporation, FedEx Freight System, Inc., FedEx Freight, Inc., Victor Sanchez, Vito LLC and John Doe

defendants A-Z based on diversity jurisdiction, 28 U.S.C. § 1332 and violations of the Federal Motor Carrier Safety Regulations (Doc. 2).

## II.  Analysis

First, defendant Vito, LLC, argues that the Court lacks diversity jurisdiction because the complaint contains no allegations as to the citizenship of the decedent James Tinsley. Vito, LLC, maintains that James Tinsley resided in El Paso, Texas at the time of the accident according to the Illinois Traffic Crash Reports and that defendant Victor Sanchez is a resident of citizen of Texas.[1] Plaintiffs filed a response with an affidavit from Richard Tinsley attesting that at the time of his death James Tinsley was in the process of moving from Texas to Mississippi to live permanently to be near his son, Richard Tinsley, and his daughter, Tracy L. Tinsley Deckard (Doc. 41-1). Based on this affidavit, the Court concludes that at the time of his death James Tinsley did not consider Texas to be his permanent home and that he intended to move to Mississippi. However, the Court finds that the complaint does not address adequately the allegations of defendant Vito, LLC's citizenship.

Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997). "The citizenship for diversity purposes of a limited liability company, however, despite

---

[1] Defendant Vito, LLC, does not dispute that the allegations regarding the amount in controversy are sufficient.

the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members." *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(collecting cases); *see also Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n. 1 (7th Cir. 2004)(citing *Belleville Catering Co. v. Champaign Market Place, LLC.*, 250 F.3d 691, 692 (7th Cir. 2003)). In determining the existence of diversity jurisdiction, courts look to the citizenship of all partners or investors in a partnership or limited liability company. *Lear Corporation v. Johnson Electric Holdings Limited*, 353 F.3d 580, 582 (7th Cir. 2003).

Here, the allegations regarding Vito, LLC's citizenship are insufficient to confer diversity jurisdiction as the complaint does not state the citizenships of all its partners or investors. Thus, the Court finds that diversity jurisdiction cannot be a basis for subject matter jurisdiction. Therefore, the Court must address whether the Court has federal question jurisdiction over this case.

Defendant argues that the Court does not have federal question jurisdiction based on federal question arising from a cause of action for personal injuries or death being created by the Federal Motor Carrier Safety Regulations. The Court does not agree. Plaintiffs' complaint alleges: "This case also involves questions of violations of the Federal Motor Carrier Safety Regulations." The Court concludes that plaintiffs' allegations, albeit slim, assert claims for federal question jurisdiction. The case involves safety issues in transportation and the application of the Federal Motor Carrier Safety Regulations to the parties' conduct surrounding

the accident. The Court has federal question jurisdiction over this matter.

### III. Conclusion

Accordingly, the Court **DENIES** the motion to dismiss for lack of subject matter jurisdiction (Doc. 23). The Court notes that if plaintiffs want to base their complaint on diversity jurisdiction, as an additional or alternative theory, they should file an amended complaint on or before May 26, 2014.

**IT IS SO ORDERED.**

Signed this 5th day of May, 2014.

Digitally signed by
David R. Herndon
Date: 2014.05.05
15:13:22 -05'00'

**Chief Judge**
**United States District Court**